**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MAD DOGG ATHLETICS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-00382-JRG |
| | ) | |
| PELOTON INTERACTIVE, INC. | ) | ███████████ |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |


**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE**
**EXPERT TESTIMONY OF R. LEE RAWLS AND MICHAEL P.J. RICE**

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION ................................................................................................1

II.  FACTUAL BACKGROUND ...............................................................................2

    A.  Mr. Rawls Provides Non-Infringement Opinions That Are Contrary To
The Court's Claim Construction Order................................................... 2

    B.  Peloton's Expert Provides Several Previously Undisclosed Invalidity
Opinions ................................................................................................. 3

    C.  Peloton's Experts' Untimely Amendments To Their Reports Prejudiced
Mad Dogg ............................................................................................... 5

III.  LEGAL STANDARD..........................................................................................6

IV.  ARGUMENT ......................................................................................................6

    A.  Mr. Rawls's Alleged Non-Infringement Opinions That Are Contrary To
The Court's Claim Construction Order Should Be Stricken ................... 6

    B.  Mr. Rawls Should Not Be Permitted To Offer Invalidity Opinions Absent
From Peloton's Invalidity Contentions ................................................. 8

    C.  The Court Should Strike The Untimely Amendments To The Rice And
Rawls Invalidity Reports..................................................................... 10

    D.  The Court Should Strike Mr. Rice's Invalidity Opinions That Are Not
Based On Prior Art............................................................................... 11

    E.  The Court Should Strike Mr. Rawls's Validity Opinions Relying On
Trixter System and Trixter X-Dream................................................... 15

V.  CONCLUSION.................................................................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
No. 2:13-CV-1112-JRG, 2015 WL 4944514 (E.D. Tex. Aug. 19, 2015), *aff'd
sub nom. ContentGuard Holdings, Inc. v. Apple Inc*., 701 F. App'x 957 (Fed.
Cir. 2017) ................................................................................................................7

*Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*,
No. 2:14-cv-911-JRG-RSP, 2016 WL 3655302 (E.D. Tex. Mar. 21, 2016) ......................8, 12

*CoreLogic Info. Solutions, Inc. v. Fiserv, Inc.*,
No. 2:10-cv-132, 2012 WL 4051823 (E.D. Tex. Sept. 13, 2012)..........................................10

*Daubert v. Merrell Dow Pharms. Inc.*,
509 U.S. 579 (1993)........................................................................................................1, 6

*Finjan, Inc. v. Sophos, Inc.*,
Case No. 14-cv-01197-WHO, 2016 WL 4560071 (N.D. Cal. Aug. 22, 2016) ................13, 14

*Freeny v. Murphy Oil Corp.*,
No. 2:13-CV-791-RSP, 2015 WL 5144347 (E.D. Tex. June 3, 2015) ...........................13, 14

*Godo Kaisha IP Bridge 1 v. Broadcom Limited*,
No. 2:16-cv-134-JRG-RSP, 2017 WL 2869344 (E.D. Tex. Apr. 20, 2017)...........................9

*Gomez v. Rivera Rodriguez*,
344 F.3d 103 (1st Cir. 2003) ...............................................................................................11

*GoPro, Inc. v. Contour IP Holding LLC*,
908 F.3d 690 (Fed. Cir. 2018).............................................................................................14

*GREE, Inc. v. Supercell Oy*,
No. 2:19-CV-00311-JRG, 2021 WL 603726 (E.D. Tex. Feb. 16, 2021) ................................8

*Henry v. Quicken Loans Inc.*,
No. 04-40346, 2008 WL 4735228 (E.D. Mich. Oct. 15, 2008)..............................................11

*Hynix Semiconductors Inc. v. Rambus, Inc.*,
No. C-00-20905 RMW, 2009 WL 230039 (N.D. Cal. Jan. 27, 2009)....................................11

*Knight v. Kirby Inland Marine Inc.*,
482 F.3d 347 (5th Cir. 2007) .................................................................................................6

*L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*,
  No. 6:11-cv-599, 2013 WL 7937026 (E.D. Tex. Oct. 11, 2013) ............................................8

*LML Pat. Corp. v. JPMorgan Chase & Co.*,
  No. 2:08-CV-448, 2011 WL 5158285 (E.D. Tex. Aug. 11, 2011) ...........................................8

*Moore v. Ashland Chem., Inc.*,
  151 F.3d 269 (5th Cir. 1998) ..................................................................................................6

*Oil-Dri Corp. of America v. Nestle Purina Petcare Co.*,
  No. 1:15-cv-1067, ECF 619, *slip op.* (N.D. Ill. Dec. 21, 2018) ..........................................11

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l*,
  No. C.A. 04–1371–JJF, 2006 WL 2506488 (D. Del. Aug. 24, 2006) ....................................11

*Ruiz-Bueno v. Scott*,
  No. 2:12–cv–0809, 2014 WL 576400 (S.D. Ohio Feb. 12, 2014) ..........................................12

*Saint Lawrence Commc'ns LLC v. Apple Inc.*,
  Case No. 2:16-CV-00082-JRG, 2017 WL 4791782 (E.D. Tex. Oct. 24, 2017) .....................11

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
  Case No. 2:15-cv-349-JRG, 2017 U.S. Dist. LEXIS 23505 (E.D. Tex. Feb. 21,
  2017) .......................................................................................................................................6

*Sycamore IP Holdings LLC v. AT&T Corp.*,
  Case No. 2:16-CV-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10, 2017) ............10, 11, 12

*Texchem Adv. Prods., Inc. v. E.Pak Int'l Inc.*,
  Case No. 12-01341-JGB, 2013 WL 12114017 (C.D. Cal. Aug. 19, 2013) ............................13

*Woodland Tr. v. Flowertree Nursery, Inc.*,
  148 F.3d 1368 (Fed. Cir. 1998) .............................................................................................13

**Statutes**

35 U.S.C. § 102(a) ..........................................................................................................................13

35 U.S.C. § 112 ...........................................................................................................................1, 9

**Other Authorities**

Federal Rule of Evidence 702 ......................................................................................................1, 6

## I.      INTRODUCTION

Plaintiff Mad Dogg Athletics, Inc. ("Mad Dogg") respectfully moves this Court for an order, pursuant to Federal Rule of Evidence 702 and *Daubert*, striking portions of (1) the August 23, 2021 Expert Report of R. Lee Rawls served by Defendant Peloton Interactive, Inc. ("Peloton") regarding alleged non-infringement ("Rawls Non-infringement Report"), (2) the August 2, 2021 Expert Report of Mr. Rawls served by Peloton regarding alleged invalidity ("Rawls Invalidity Report"), and (3) the August 2, 2021 Expert Report of Michael P.J. Rice served by Peloton regarding alleged invalidity ("Rice Report").

*First*, Mr. Rawls's opinions regarding alleged non-infringement that are contrary to this Court's claim construction order should be stricken. Mr. Rawls should not be permitted to allege non-infringement on the grounds that the accused products "do not 'display' any of the recited instructions" in the claims because such testimony contradicts the Court's determination that the claims cover oral instructor-provided instructions and are not limited to displaying instructions.

*Second*, Peloton's attempt to add new theories of invalidity that were not identified in its P.R. 3-3 invalidity contentions through the opinions and testimony of Mr. Rawls should be rejected. Mr. Rawls's report adds new prior art combinations and invalidity theories under 35 U.S.C. § 112 that Peloton failed to identify in its P.R. 3-3 invalidity contentions. The Patent Rules and this Court's precedents make clear that Peloton's back-door attempt to supplement its invalidity contentions in this manner is improper. Thus, these untimely opinions should be stricken.

*Third*, Mr. Rawls's and Mr. Rice's reports do not rely upon valid prior art in forming their opinions and were substantively amended well after the deadline for expert disclosures. Mr. Rice also provides unsubstantiated and unsworn fact testimony concerning alleged prior art after the

close of fact discovery. The proffered testimony, which relies on documents and other materials that do not qualify as prior art, and the untimely opinions of Mr. Rawls and Mr. Rice should also be stricken.

## II.   FACTUAL BACKGROUND

Mad Dogg filed this action against Peloton for infringement of U.S. Patent Nos. 9,694,240 (the "'240 patent") and 10,137,328 (the "'328 patent" and, collectively, the "Asserted Patents"), which relate to the field of programmed exercise bikes. The Asserted Patents have a priority date of February 5, 2005. ECF No. 1-2 at 2 ("continuation of application No. 11/050,460, filed on Feb. 2, 2005").

Both Mr. Rice and Mr. Rawls submitted expert reports relating to alleged invalidity of the Asserted Patents on August 2, 2021. Mr. Rawls also submitted an expert report relating to alleged non-infringement of Peloton's Bike and Bike+ (collectively, the "Accused Products") on August 23, 2021.

### A.   Mr. Rawls Provides Non-Infringement Opinions That Are Contrary To The Court's Claim Construction Order

The Court's claim construction order states the Asserted Patents "describe that it was known in the art that instructions may be provided by an instructor outside of a class through a video … [and] also describe an embodiment that includes a video player to utilize instructions that are on a video." ECF No. 88 at 32. Defendant argued that the "patents describe an invention that simulates an instructor-led class by providing the rider with computer guidance instead of instructor guidance. The computer guidance is in the form of computer-controlled icons and lights on a display." *Id*. at 30. The Court rejected Defendant's argument and concluded that "Defendant's proposal to exclude from the scope of the claims any instructor-provided instruction is not justified." *Id*. at 32.

The Rawls Non-infringement Report alleges that the Accused Products do not satisfy the claim element of "a display … that displays an exercise routine from the collection of exercise routines so that the rider is provided with instructions for the rider to manually adjust pedaling resistance, and instruction for the rider to vary cadence and riding positions including sitting and standing positions" because they "do not 'display' any of the recited instruction in this claim limitation." Ex. 1[1] at ¶¶ 195-207, 256. Mr. Rawls confirmed this opinion in his deposition. Ex. 2 at 224:7-13; *see also id*. at 226:18-24 ("Q. And in your view that claim limitation is only met if the instructions that are required by that limitation are displayed on the display, correct? A. That's how I read the claim limitation, a display that displays. So it must display what follows."). Mr. Rawls also recognized that he is supposed to follow the Court's claim construction order in his opinions. *Id*. at 186:8-189:10.

### B.    Peloton's Expert Provides Several Previously Undisclosed Invalidity Opinions

#### 1.    Undisclosed Prior Art Combinations

Peloton served its Invalidity Contentions on April 23, 2021, and shortly thereafter Mad Dogg alerted Peloton that its Invalidity Contentions failed to identify specific combinations of charted prior art references as required under the rules. Ex. 3. In response, on May 28, 2021, Peloton set forth a so-called "itemized list" of 300 "exemplary" combinations of prior art references that it contended rendered the patent claims obvious. Ex. 4.

Mad Dogg thereafter requested that Peloton narrow its combinations to a reasonable number. Specifically, Mad Dogg sent multiple letters and conducted at least two meet-and-confers, asking Peloton to focus this universe of identified prior art and its invalidity assertions. Exs. 5-6. Instead of narrowing its combinations to a reasonable number, on June 25, 2021, Peloton identified

---

[1] All exhibits are attached to the Declaration of Javier J. Ramos, filed herewith.

25 prior art references and 77 combinations—which Mad Dogg noted were many more than could be relied on by Peloton's experts. Ex. 7 at 3-6. Peloton incorporated this identification of references and combinations in its Amended Invalidity Contentions served on June 25, 2021. Ex. 8 at 21. Throughout the parties' multiple discussions, Peloton refused to narrow its combinations further.

On August 2, 2021, Peloton served expert reports on invalidity that relied on fourteen prior art references and set forth 37 obviousness combinations. Ex. 9 at ¶¶ 483-510. Despite Mad Dogg's earlier efforts, three prior art combinations in the Rawls Invalidity Report were not disclosed in Peloton's Amended Invalidity Contentions on June 25: (1) U.S. Patent Publication No. 2003/0171190 ("Rice"), U.S. Patent No. 6,450,922 ("Henderson") and U.S. Patent Publication No. 2002/0077221 ("Dalebout"); (2) Rice, Henderson and U.S. Patent No. 5,961,424 ("Warner"); and (3) Rice, Japanese  Patent Application Publication No. H11-128394 ("Sotokoshi") and Dalebout. *Compare* Ex. 8 at 4-6, *with* Ex. 9 at ¶¶ 492-493; *see also* Ex. 15 at 75-118, 139-160.

## 2.    Undisclosed Written Description, Enablement and Indefiniteness Opinions

The Rawls Invalidity Report sets forth ten grounds for invalidity based on alleged lack of written description and eight grounds for invalidity based on alleged lack of enablement. Ex. 9 at ¶¶ 533-618. Four of the bases concerning written description, namely with respect to claims 12 and 13 of the '240 patent and claims 3 and 5 of the '328 patent, were not disclosed in Peloton's Invalidity Contentions. *Compare* Ex. 8 at 61-63, *with* Ex. 9 at ¶¶ 561-65, 574-584. Similarly, three of the bases addressing enablement, namely with respect to claims 12 and 13 of the '240 patent and claim 5 of the '328 patent, were also not disclosed in Peloton's Invalidity Contentions. *Compare* Ex. 8 at 63-64, *with* Ex. 9 at ¶¶ 606-07, 616-18.

The Rawls Invalidity Report also provides an indefiniteness opinion with respect to claim 3 of the '328 patent, Ex. 9 at ¶¶ 626-28, but Peloton did not allege indefiniteness of that claim in its

Amended Invalidity Contentions or during claim construction. *See, e.g.*, Ex. 8 at 64-69.

### C. Peloton's Experts' Untimely Amendments To Their Reports Prejudiced Mad Dogg

Both Mr. Rice and Mr. Rawls amended their expert reports, on September 5, 2021 and September 6, 2021, respectively, well after the submission of Mad Dogg's validity rebuttal report by Dr. David Paulus and only slightly before their respective depositions. On the evening of Sunday, September 5, 2021, Peloton served a First Amended Corrected Expert Report of M. Rice (excerpt attached hereto as Ex. 11)[2] and produced 13 new documents that had been in Mr. Rice's custody and control. Ex. 12 at 44:11-46:11 ("I just happened to do a different search and happened to be in a different folder which I had never searched before, and it came up."). Mr. Rice's untimely amendment introduced new purported evidence as detailed in amended paragraph 181 of his report. Ex. 11 at ¶ 181.

At almost midnight on September 6, 2021, Peloton served the First Amended Corrected Expert Report of R. Lee Rawls regarding invalidity (excerpt attached hereto as Ex. 13),[3] just hours before Mr. Rawls's deposition by Mad Dogg. Mr. Rawls incorporated Mr. Rice's amended disclosures into his report and then went a step further, by adding other disclosures from Mr. Rice's original report that were not found in Mr. Rawls's report. *Compare* Ex. 9 at ¶ 397, *with* Ex. 13 at ¶ 397 (Peloton redline, *see* new reference to "physical cards" and images of the same that existed in Mr. Rice's original report).

---

[2] As of the date of this Motion, Peloton has not served an executed version of the First Amended Corrected Expert Report of M. Rice.

[3] As of the date of this Motion, Peloton has not served a properly executed version of the First Amended Corrected Expert Report of R. Lee Rawls regarding invalidity and instead used Mr. Rawls's August 19, 2021 signature.

## III.    LEGAL STANDARD

Rule 702 provides that an expert witness may offer opinion testimony only if: "(1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case." *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, Case No. 2:15-cv-349-JRG, 2017 WL 679623, at *6 (E.D. Tex. Feb. 21, 2017) (citing Fed. R. Evid. 702). While the Rule 702 inquiry is a flexible one, in *Daubert*, the Supreme Court held that the Rules also "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at *6 (quoting *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993)).

To be reliable, an expert's theory or technique must be generally accepted in the relevant community, and one must be able to test or replicate that theory. *Daubert*, 509 U.S. at 593-94. Moreover, "[t]he reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, *et alia*." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). The proponent of the testimony must prove reliability by a preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

## IV.    ARGUMENT

### A.    Mr. Rawls's Alleged Non-Infringement Opinions That Are Contrary To The Court's Claim Construction Order Should Be Stricken

Mr. Rawls's opinion that the Accused Products do not satisfy the display limitation of the claims because they "do not 'display' any of the recited instructions," Ex. 1 at ¶ 195, should be stricken as contrary to the Court's claim construction order. He alleges that "[a] POSITA would

understand that displaying an exercise routine so that a rider is provided with instructions requires using the display to make those instructions visible to the rider." *Id.* at ¶ 196. But the claim construction order makes clear that the recited instructions need not be displayed in order to satisfy this claim limitation and must be given their plain and ordinary meaning. ECF No. 88 at 28-32.

The law is clear that "no experts are to render any conclusions regarding the scope of the patents-in-suit or particular claim limitations that deviate from this Court's Claim Construction Memorandum and Order." *ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 4944514, at *4 (E.D. Tex. Aug. 19, 2015), *aff'd sub nom. ContentGuard Holdings, Inc. v. Apple Inc*., 701 F. App'x 957 (Fed. Cir. 2017). Furthermore, experts are generally "excluded from providing any opinions based on an interpretation of the Court's construction that is the equivalent of any construction that the Court previously considered and expressly rejected." *ContentGuard Holdings*, 2015 WL 4944514, at *4.

Here, the Court already considered and rejected Peloton's argument that the instructions must be displayed in order to satisfy this claim limitation. Peloton asserted that the instructions are provided, without an instructor, "in the form of computer-controlled icons and lights on a display." ECF No. 88 at 30. But the Court recognized that instructions may be provided orally and visually by an instructor and rejected Peloton's attempt to exclude instructor-provided instructions from the scope of the claims because the Asserted Patents described that "instructions may be provided by an instructor outside of a class through a video." *Id*. at 32.

Despite this clear guidance, Mr. Rawls offers a non-infringement opinion that deviates from, and has already been rejected by, the Court's claim construction order by claiming that the Accused Products do not meet this claim limitation because they do not display instructions. Accordingly, the Court should strike the portions of Mr. Rawls's report and all of his testimony

regarding alleged non-infringement based on the improper interpretation of requiring instructions to be displayed. *See, e.g.*, Ex. 1, ¶¶ 195-207, 256.

## B.     Mr. Rawls Should Not Be Permitted To Offer Invalidity Opinions Absent From Peloton's Invalidity Contentions

Portions of the Rawls Invalidity Report should be stricken for relying upon new invalidity grounds that Peloton failed to disclose in its Invalidity Contentions. The law is clear that "[e]xpert [] reports may not introduce theories not previously set forth in [the party's] contentions." *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 WL 3655302, at *4 (E.D. Tex. Mar. 21, 2016). Expert reports that introduce new theories of invalidity must be stricken. *E.g.*, *L.C. Eldridge Sales Co., Ltd. v. Azen Mfg. Pte., Ltd.*, No. 6:11-cv-599, 2013 WL 7937026, at *5 (E.D. Tex. Oct. 11, 2013) (striking portions of expert report that relied on "untimely disclosed prior art references and combinations"); *GREE, Inc. v. Supercell Oy*, No. 2:19-CV-00311-JRG, 2021 WL 603726, at *2 (E.D. Tex. Feb. 16, 2021) (striking expert opinions on alleged lack of written description that were not disclosed in invalidity contentions).

If Peloton believed "a combination of items of prior art makes a claim obvious," it was supposed to identify "each such combination" in its Invalidity Contentions. P.R. 3-3(b). "Patent Rule 3-3(b) requires disclosure of combinations, not just references, and thus does not expect the patentee to consider every possible combination of the references disclosed." *LML Pat. Corp. v. JPMorgan Chase & Co.*, No. 2:08-CV-448, 2011 WL 5158285, at *4 (E.D. Tex. Aug. 11, 2011). In addition, Peloton was required to disclose "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112 ¶ 2 or enablement or written description under 35 U.S.C. § 112 ¶ 1" in its Invalidity Contentions. P.R. 3-3(d).

Here, Peloton's Amended Invalidity Contentions sets forth more than twenty-five combinations where Rice is the primary reference. Ex. 7 at 4-5. Instead of selecting from those

numerous choices, the Rawls Invalidity Report includes three new combinations where Rice is the primary reference, leaving Mad Dogg only three weeks to digest and respond to hundreds of pages of analysis concerning combinations Peloton was obligated to disclose months earlier. The Rawls Invalidity Report also injected new § 112 arguments applicable to the dependent claims that Mad Dogg had never seen before, despite Peloton's prior invalidity disclosures. *See supra* § II.B.2.

Mad Dogg has been prejudiced since it did not have sufficient time to investigate and address these improper invalidity theories. Mad Dogg asked Peloton on numerous occasions during fact discovery to identify the combinations it would be relying upon in its expert reports and at trial, and Peloton failed to provide fair notice of those combinations. *See supra* § II.B.1. Peloton also has no excuse for its belated § 112 arguments. On the other hand, exclusion will not "cause significant hardship" to Peloton as the Rawls Invalidity Report includes several other Rice combinations and § 112 arguments. *See Godo Kaisha IP Bridge 1 v. Broadcom Limited*, No. 2:16-cv-134-JRG-RSP, 2017 WL 2869344, at *2 (E.D. Tex. Apr. 20, 2017) (striking opinions on untimely disclosed prior art where "Defendants have not provided an adequate explanation for failing to disclose such prior art, the prejudice to [Plaintiff] is significant, and the exclusion of this argument will not cause significant hardship.").

Any argument that the Rawls Invalidity Report serves as an amendment of Peloton's Invalidity Contentions fails. As an initial matter, any such argument ignores the procedure for amendment of contentions. Peloton knows this procedure well as it already once sought and obtained leave to amend its Invalidity Contentions. *See* ECF No. 76. In addition, Peloton failed to, and cannot now, demonstrate sufficient grounds for amendment of its contentions pursuant to the rules. *See* P.R. 3-6(a). None of the newly-disclosed grounds of invalidity are connected in any way to the Court's claim construction ruling. And the Court should reject any belated request by Peloton

to amend its invalidity contentions at this late stage. *See CoreLogic Info. Solutions, Inc. v. Fiserv, Inc.*, No. 2:10-cv-132, 2012 WL 4051823, at *3 (E.D. Tex. Sept. 13, 2012) (denying leave to amend where "Defendants did not request leave to amend until their opposition to [plaintiff's] instant motion to strike").

### C.    The Court Should Strike The Untimely Amendments To The Rice And Rawls Invalidity Reports

Mr. Rice's and Mr. Rawls's amendments to their reports well-after the close of fact discovery to include both uncorroborated factual statements and references to undated evidence supporting newly alleged functionality of the Trixter System should be stricken. *See* Ex. 11 at ¶ 181; Ex. 13 at ¶ 397. Peloton provided generic explanation—but no excuse—as to why Mr. Rice's substantive amendment was so untimely and his deposition testimony on the topic only confirms the lack of diligence. Ex. 14 ("… he recently was able locate additional evidence of the video display of the workout instructions described in his original report."); Ex. 12 at 44:11-46:11 ("I just happened to do a different search and happened to be in a different folder which I had never searched before, and it came up."). Peloton did not seek leave to amend its expert reports after their due date. And Peloton's delay in disclosing this new evidence prejudiced Mad Dogg because it (1) had already served Dr. Paulus's rebuttal validity report and (2) had only hours to digest the new material prior to deposing both Mr. Rice and Mr. Rawls.

Accordingly, these untimely amendments, made without leave of court, should be stricken in their entirety. *See Sycamore IP Holdings LLC v. AT&T Corp.*, Case No. 2:16-CV-588-WCB, 2017 WL 4517953, at *2 (E.D. Tex. Oct. 10, 2017) (detailing a non-exclusive list of factors when considering whether to "exclude evidence based on a party's failure to comply with the Local Patent Rules" including "(1) the length of the delay and its potential impact on judicial proceedings; [and] (2) the reason for the delay, including whether it was within the reasonable

control of the movant…"); *Saint Lawrence Commc'ns LLC v. Apple Inc.*, No. 2:16-CV-00082-JRG, 2017 WL 4791782, at *2 (E.D. Tex. Oct. 24, 2017) ("untimely amendments without leave of the Court are not well taken") (citing *Sycamore*, 2017 WL 4517953, at *4).

### D. The Court Should Strike Mr. Rice's Invalidity Opinions That Are Not Based On Prior Art

#### 1. The Court Should Strike Mr. Rice's Untimely Fact Testimony Regarding The Trixter System and Trixter X-Dream

Mr. Rice's untimely factual testimony regarding the Trixter System and Trixter X- Dream should be stricken. *See, e.g.*, Ex. 10 at ¶¶ 48-56, 162-63, 167-178, 181, 195, 199, 202, 227-32. The relevant question for determining whether testimony is factual or expert is the *essence* of the testimony, not the *status* of the witness. *See, e.g.*, *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003) (holding that the relevant question "is not the status of the witness, but, rather, the essence of the proffered testimony"). Expert testimony is designed to aid the trier of fact in understanding the ***facts already in the record***, "as opposed to testimony of what a witness observes." *Hynix Semiconductors Inc. v. Rambus, Inc.*, No. C-00-20905 RMW, 2009 WL 230039, at *11 (N.D. Cal. Jan. 27, 2009). Courts routinely grant motions to exclude where experts stray from their assignment under Rule 702 by offering new factual testimony and then relying on it for their opinions. *See, e.g.*, *Henry v. Quicken Loans Inc.*, No. 04-40346, 2008 WL 4735228, at *6 (E.D. Mich. Oct. 15, 2008) ("Defendants cannot use an expert to develop facts after the close of discovery when those same facts could have been developed by attorneys during fact discovery."); *Oil-Dri Corp. of America v. Nestle Purina Petcare Co.*, No. 1:15-cv-1067, ECF 619, *slip op.* at 6 (N.D. Ill. Dec. 21, 2018) (excluding factual testimony of an "expert" offered after fact discovery closed); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, No. C.A. 04-1371-JJF, 2006 WL 2506488, at *1 (D. Del. Aug. 24, 2006) (granting motion in limine excluding "expert report" served after the close of fact discovery because "the reports at issue are not expert reports, but

11

reports of a factual nature"); *Ruiz-Bueno v. Scott*, 2014 WL 576400, at *4 (S.D. Ohio Feb. 12, 2014) (precluding a party from developing fact evidence "under the guise of 'expert discovery'").

Peloton's attempt to backdoor additional facts into the record after the close of fact discovery through Mr. Rice's expert report should be rejected. Peloton failed to depose Mr. Rice during fact discovery to develop a record regarding the alleged Trixter System prior art. Mr. Rice never proffered a sworn declaration during fact discovery, and Peloton did not include the alleged facts propounded in Mr. Rice's expert report in its invalidity contentions, which Mr. Rice admitted he had no part in drafting. Ex. 12 at 119:25-120:12 ("Q. Did you participate in the drafting of the April 23, 2021, invalidity and subject matter eligibility contentions? … A. No."); *id*. at 121:10-22 ("Q. Did you draft any portions of Peloton's June 25, 2021, first amended invalidity and subject matter eligibility contentions? … A. I did not draft that.").

Mr. Rice repeatedly testified at his deposition that no contemporaneous evidence supported a number of key facts underlying his prior art opinions and, instead, his report relied solely on his personal recollection. *See, e.g.*, Ex. 12 at 123:23-124:18, 165:14-167:3, 167:21-168:6, 191:4-18, 194:10-195:2,  197:11-25,  199:23-203:15,  204:7-208:22,  232:14-22,  233:8-21,  239:18-240:5, 243:18-244:10,  245:2-13,  248:2-13,  252:17-253:3,  280:4-13,  283:5-22,  294:9-297:7,  298:12-299:7, 299:16-21. Since Peloton did not obtain leave of court to supplement its invalidity contentions, Mr. Rice's untimely factual testimony should be excluded as improper because it post-dated the close of fact discovery. *See Core Wireless*, 2016 WL 3655302, at *4; *Sycamore*, 2017 WL 4517953, at *2.

### 2.    The Court Should Strike Mr. Rice's Unsubstantiated Fact "Testimony", Which Is Not Prior Art

The Court should exclude the portions of Mr. Rice's report and appendices that are not based on prior art or any contemporaneous evidence and are instead solely based on his

unsubstantiated, decades-old recollection. *See, e.g.*, Ex. 10 at ¶¶ 48-52, 161-62, 165, 171, 177-78, 181, 199, 202 (collecting opinions based solely on Mr. Rice's recollection); Exs. 18-19. Courts exclude invalidity expert opinions where the record evidence fails to show that the reference relied upon qualifies as prior art. *See, e.g.*, *Finjan, Inc. v. Sophos, Inc.*, Case No. 14-cv-01197-WHO, 2016 WL 4560071, at *7 (N.D. Cal. Aug. 22, 2016) (excluding an expert's obviousness opinion where there was no factual basis for prior art after the "prior art references . . . were either voluntarily dropped by [the defendant] or excluded by the Court"); *see generally Freeny v. Murphy Oil Corp.*, No. 2:13-CV-791-RSP, 2015 WL 5144347, at *3 (E.D. Tex. June 3, 2015) (expert witness not allowed to rely on evidence that is not prior art "as grounds for invalidity under section 102(b) and Defendant [was] precluded from any such implication or similar attempt to confuse the jury when developing testimony from [the expert] witness."). Similarly, expert opinions that rely on facts not disclosed during fact discovery should be excluded. *See, e.g.*, *Texchem Adv. Prods., Inc. v. E.Pak Int'l Inc.*, Case No. 12-01341-JGB, 2013 WL 12114017, at *4 (C.D. Cal. Aug. 19, 2013) (striking expert report that relied upon data not disclosed during fact discovery).

**First**, Mr. Rice's unsubstantiated fact testimony does not constitute prior art because "uncorroborated oral testimony, particularly that of interested persons recalling long-past events, does not, of itself, provide the clear and convincing evidence required to invalidate a patent." *Woodland Tr. v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1369 (Fed. Cir. 1998); *see* 35 U.S.C. § 102(a) (pre-AIA). **Second**, Mr. Rice did not rely on any evidence adduced during the fact discovery period for a number of his opinions, instead admittedly relying on his own improper, unsubstantiated fact testimony. *See supra* § IV.1.

Furthermore, Mr. Rice's reliance on "Strictly Private, Confidential and Trade Secret" documents, produced under Attorneys' Eyes Only Designations, is improper and should be

stricken in its entirety. Specifically, Mr. Rice's report footnote-cites to and shows an excerpted version of an image from a , which expressly required

Ex. 10 at ¶ 50. Mr. Rice admitted during his deposition that this document was Trixter confidential information. Ex. 12 at

Confidential documents that are not publicly available cannot constitute "printed publications," no matter how many copies are made or distributed. *See, e.g.*, *GoPro, Inc. v. Contour IP Holding LLC*, 908 F.3d 690, 695 (Fed. Cir. 2018) ("Rather, our case law directs us to also consider the nature of the conference or meeting; whether there are restrictions on public disclosure of the information; expectations of confidentiality; and expectations of sharing the information.").

In view of the foregoing, the portions of Mr. Rice's report and appendices that rely upon improper fact testimony, including the aforementioned confidential document, should be excluded.

### 3. The Court Should Strike Mr. Rice's Opinions Based On The Trixter System and Trixter X-Dream Systems In Their Entirety

As shown above, Mr. Rice's Trixter System opinions are substantially based on improper fact testimony, documents that do not constitute prior art and untimely amendments to his report. If the foregoing portions of Mr. Rice's Trixter System testimony are stricken, little is left on the topic in Mr. Rice's report and no opinions based on the same can be considered reliable. Courts exclude invalidity expert opinions where those opinions are unreliable because they do not rely on prior art. *See, e.g.*, *Finjan*, 2016 WL 4560071, at *7 (excluding an expert's obviousness opinion where there was no factual basis for prior art after the "prior art references . . . were either voluntarily dropped by [the defendant] or excluded by the Court"); *see generally Freeny*, 2015

14

WL 5144347, at *3 (expert witness not allowed to rely on evidence that is not prior art "as grounds for invalidity under section 102(b)"). Accordingly, Mr. Rice's Trixter System-based opinions should be stricken in their entirety. Ex. 10 at ¶¶ 161-97, 230, 232; Ex. 18. Likewise, Mr. Rice's opinions relying on, and testimony relating to, Trixter X-Dream are not based on prior art and should be stricken in their entirety. Ex. 10 at ¶¶ 198-226, 231-32; Ex. 19.

### E.   The Court Should Strike Mr. Rawls's Validity Opinions Relying On Trixter System and Trixter X-Dream

Mr. Rawls's opinions relating to the Trixter System and Trixter X-Dream are nearly identical to those provided by Mr. Rice and should be stricken for the reasons stated above. *Compare* Ex. 9 at ¶¶ 384-443, 489-90, 494-96, 507-510, *with* Ex. 10 at ¶¶ 161-226, 230-32. Mr. Rawls relies extensively on Mr. Rice's improper fact evidence in forming his opinions based on the Trixter System and Trixter X-Dream. Ex. 9 at ¶¶ 384-443, 489-90, 494-96, 507-510. In fact, substantial portions of the Rawls Invalidity Report provide no additional factual or expert basis beyond those presented by Mr. Rice for his reliance on such references in his opinions. Furthermore, Mr. Rawls introduces additional prior art combinations that are not found in Mr. Rice's report—although all of Mr. Rawls's combinations relying on Trixter System and Trixter X-Dream share the same fundamental flaws. Trixter System and Trixter X-Dream are not prior art. If the portions of Mr. Rawls's Trixter System and Trixter X-Dream testimony are stricken, little is left on the topic in Mr. Rawls's report and no opinions based on the same can be considered reliable. Accordingly, the Court should strike the portions of Mr. Rawls's report based on the Trixter System and Trixter X-Dream. Ex. 9 at ¶¶ 384-443, 489-90, 494-96, 507-510; Ex. 16-17.

### V.   CONCLUSION

For at least the reasons above, Mad Dogg respectfully requests that the Court grant its motion to strike portions of the expert testimony of Mr. Rawls and Mr. Rice in its entirety.

Dated: September 14, 2021

CAPSHAW DERIEUX, LLP

*/s/  Elizabeth L. DeRieux*
Elizabeth L. DeRieux
Texas State Bar No. 05770585
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
Email: ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Mad Dogg Athletics, Inc.*

OF COUNSEL:
David I. Gindler
Alex G. Romain
J. Samuel Payne
David C. Jonas
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
(424) 386-4000

Nathaniel T. Browand
MILBANK LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5096

Javier J. Ramos
Emily Glaser
MILBANK LLP
1850 K Street, NW
Suite 1100
Washington, DC 20006
(202) 835-7500

Paul L. Robinson
Law Office of Paul L. Robinson, Esq. LLC
500 Paterson Plank Road
Union City, NJ 07087
(954) 292-0945

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing document was served on all counsel of record on this September 14, 2021 via electronic mail.

*/s/  Elizabeth L. DeRieux*

## <u>CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL</u>

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/  Elizabeth L. DeRieux*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on September 14, 2021, counsel for Mad Dogg met and conferred by telephone with counsel for Peloton regarding the issues in this motion. Counsel were unable to reach agreement. Accordingly, the motion is submitted as opposed.

*/s/  Elizabeth L. DeRieux*